935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robbie Leon MCCALL, Defendant-Appellant.
 No. 90-5389.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (CR-90-31)
 Robert L. Cooper, Cooper, Davis & Cooper, Fayetteville, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Thomas W. Dworschak, Special Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robbie Leon McCall pled guilty to aiding and abetting a convicted felon in the unlawful receipt of a firearm (18 U.S.C. Secs. 2 and 922(g)). He received a sentence of 21 months incarceration. Counsel for McCall has filed an Anders[1] brief raising two issues but representing that, in his view, there are no meritorious issues for appeal. McCall has been notified of his right to file a supplemental brief, but has failed to exercise his right in this regard. We affirm.
 
 
 2
 McCall contends that base offense level was incorrectly increased by two under U.S.S.G. Sec. 2K2.1(b) because the government did not meet its burden of showing by a preponderance of the evidence that the gun was stolen. However, the district court heard evidence during sentencing that the gun had been identified by the sheriff's department as one which had been stolen a few days before the offense. McCall admitted he had no evidence to rebut this information.
 
 
 3
 McCall further contends that the increase violated due process because he was unaware that the gun was stolen. McCall did not make this particular due process claim in the district court,[2] and it is thus not preserved for review. In any case, the argument is without merit because Sec. 2K2.1 does not require knowledge; it mirrors certain substantive offenses which are regulatory in nature, designed to protect the public welfare, for which a scienter requirement is not necessary. See United States v. Freed, 401 U.S. 601, 607-09 (1971); United States v. Engler, 806 F.2d 425, 431-36 (3d Cir.1986), cert. denied, 481 U.S. 1019 (1987).
 
 
 4
 As required by Anders, we have reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for appeal. Accordingly, we affirm the judgment of conviction.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Anders v. California, 386 U.S. 738 (1967)
 
 
 [2]
 He did raise another due process issue at the sentencing hearing. He argued that he was denied an opportunity to contest whether the gun was stolen. This claim was properly denied